1  **SHEREEN J. CHARLICK**
   California State Bar No. 147533
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California  92101-5008
   Telephone: (619) 234-8467
4

5  Attorneys for Mr. Glen Terwilliger

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE BARRY TED MOSKOWITZ)**

11 | UNITED STATES OF AMERICA,        ) CASE NO. 07CR1254-BTM
                                      )
12 |                    Plaintiff,    ) DATE: November 19, 2007
                                      ) TIME:   9:00 a.m.
13 | v.                               )
                                      ) NOTICE OF SUPPLEMENTAL AUTHORITIES IN
14 |                                  ) SUPPORT OF MOTION TO DISMISS
                                      )
15 | GLEN W. TERWILLIGER,             )
                                      )
16 |                    Defendant.    )
                                      )
17 |_____    )

18 TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY;
         ALESSANDRA P. SERANO, ASSISTANT UNITED STATES ATTORNEY:
19

20     Mr. Glen Terwilliger, through undersigned counsel, submits the following supplemental

21 authorities in support of his motions to dismiss the indictment.

22
                                          Respectfully submitted,
23

24

25 Dated: November 13, 2007                  /s/  Shereen J. Charlick
                                          SHEREEN J. CHARLICK
26                                        Federal Defenders of San Diego, Inc.
                                          Attorneys for Mr. Glen Terwilliger
27

28

## I.

## INTRODUCTION

Mr. Terwilliger seeks dismissal of the indictment on a number of grounds which he still maintains, however, at the previous hearing held on November 1, 2007, the Court asked the parties to be prepared to discuss Mr. Terwilliger's claim that the Ex Post Facto Clause barred the instant prosecution because the indictment alleges a violation of SORNA during a time before the Attorney General expressly determined it to have retroactive application.

Specifically, the superseding indictment alleges that Mr. Terwilliger is an individual required to register as a sex offender under SORNA because of his prior Colorado conviction, and that he traveled in interstate commerce after suffering the conviction and failed to register or update that registration as required under SORNA. Exhibit A, indictment. The indictment alleges that the offense occurred "on or about and between August 20, 2006 and May 11, 2006." *Id.*

While SORNA's effective date is July 27, 2006, the Attorney General waited seven months until February 28, 2007 to promulgate regulations purporting to make SORNA retroactively applicable to all individuals, including those convicted of offenses pre-dating SORNA.

Without waiving his other assertions that any application of SORNA violates the Ex Post Facto clause, Mr. Terwilliger provides these supplemental authorities which support the position that at a minimum, SORNA's registration requirements did not apply to him from July 27, 2006 through February 28, 2007. Because the superseding indictment alleges that the offense occurred during this time period, it should be dismissed.

## II.

## SORNA DID NOT APPLY TO MR. TERWILLIGER UNTIL FEBRUARY 28, 2007

In 42 U.S.C. § 16913(a), Congress established that sex offenders "shall register, and keep the registration current" under the requirements of the Adam Walsh Act. In § 16913(b), Congress established the procedure for initial registration, requiring sex offenders to register either before completing a period of incarceration or within three days of being sentenced for the offense if the offender was not incarcerated. Clearly, the requirements of § 16913(b) could only be applied to people who were convicted *after* the passage of SORNA; it would be impossible for those convicted before the passage of SORNA to register while

serving their sentence or within three days of release because they had no notice or obligation to register under federal law at the time of their conviction.

But instead of making SORNA clearly retroactive in the text of the statute, Congress delegated this responsibility to the Attorney General in § 16913(d). That section states:

> **(d) Initial registration of sex offenders unable to comply with subsection (b) of this section**
>
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, *and* to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(Emphasis added). As numerous district courts have recognized, Congress contemplated two distinct groups of people that the Attorney General needed to consider in determining whether and how SORNA would be retroactive. *See United States v. Kapp,* 487 F.Supp.2d 536, 542 (M.D.Pa. 2007). The first group were people convicted of sex offenses in the past. These individuals are covered in the first clause of § 16913(d) dealing with "sex offenders convicted before July 27, 2006." The second group of individuals were those "unable to comply with subsection (b)." The plain text of the statute makes clear that Congress delegated to the Attorney General the authority to determine whether and how SORNA would be applied to individuals previously convicted of sex offenses. Until the Attorney General acted, SORNA simply did not apply to individuals convicted of sex offenses before July 26, 2006. *See, e.g.,United States v. Muzio,* 2007 WL 2159462 at *3 (E.D.Mo., July 26, 2007). The Attorney General did not act on this delegation until February 28, 2007 when it issued its interim rule which stated "The requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. Until the Attorney General issued this interim rule, SORNA did not apply to individuals convicted of a sex offense prior to the passage of SORNA on July 27, 2006. *United States v. Marvin Smith,* 2007 WL 1725329 at *2 (S.D.W.Va. June 13, 2007).

//
//
//

**A.     A Majority of District Courts Have Found Ex Post Facto Violations Where the Defendant is Accused of Violating SORNA in this "Gap" Period Between SORNA's Enactment & The Attorney General's Regulation.**

Based on the plain language of 42 U.S.C. § 16913(d), a majority of district courts dealing with indictments charging defendants with violating the statute in the period between SORNA's enactment - July 26, 2006 - and the date on which the Attorney General acted - February 28, 2007 - have dismissed the indictments. *See, e.g., United States v. Kapp,* 487 F.Supp.2d 536, 542 (M.D.Pa. 2007); *United States v. Gill*, 2007 WL 3018909 (D. Utah Oct. 15, 2007); *United States v. Patterson*, 2007 WL 2904099 (D.Neb. Sept. 21, 2007) (Magistrate's findings adopted by District Court on Nov. 8, 2007); *United States v. Cole,* 2007 WL 2714111 (S.D.Ill. Sept. 17, 2007); *United States v. Heriot,* 2007 WL 2199516 (D.S.C. July 27, 2007); *Muzio*, 2007 WL 2159462; *Smith*, 2007 WL 1725329. Another district court found a defendant not guilty on ex post facto grounds after a stipulated facts trial where the government's proof of interstate travel did not establish travel after February 28, 2007. *United States v. Stinson*, 507 F.Supp.2d 560 (S.D.W.Va. 2007). Furthermore, at least one district court has dismissed an indictment for violating the ex post facto clause when the indictment charged the defendant with failing to register both before and after the Attorney General's promulgation on February 28, 2007. *United States v. Deese,* 2007 WL 2778362 at *3 n.6 (W.D.Okla. September 21, 2007) (dismissing indictment on ex post facto grounds where it alleged that defendant failed to register during the period from July 28, 2006 through July 10, 2007).

These courts have found that the ex post facto clause is violated by the government's efforts to apply SORNA retrospectively. *See, e.g., id.* (citing *Lynce v. Mathis,* 519 U.S. 433, 441 (1997) (citations omitted) (A violation of the ex post facto clause occurs when a law is applied" to events occurring before its enactment'-and it 'must disadvantage the offender affected by it', by altering the definition of criminal conduct or increasing the punishment for the crime"). These courts also agree that SORNA has increased the federal punishment for failing to register as a sex offender. Pursuant to the Jacob Wetterling Act, 42 U.S.C. § 14072(g)(3), a defendant was only subject to a maximum punishment of one year imprisonment for a first offense. 42 U.S.C. § 14072(I). In contrast, SORNA has increased the maximum penalty to ten years imprisonment. Subjecting a defendant who traveled in interstate commerce prior to the effective date of SORNA to a ten-fold increase in punishment clearly "disadvantage[s] the offender affected by it." *Deese*, 2007 WL 2778362 at *3 (quoting *Weaver v. Graham,* 450 U.S. 24, 29 (1981)).

Everyone of these courts rejected the government's reliance on *Smith v. Doe,* 538 U.S. 84 (2003), as misplaced, as *Smith* did not address criminal penalties associated with a failure to register as a sex offender. At issue in Smith was whether the registration itself-and the resulting publication of that information-constituted punishment. Here, the superseding indictment alleges that Mr. Terwilliger failed to register after traveling in interstate commerce "on or about and between August 20, 2006 and May 11, 2007." Mr. Terwilliger's qualifying sex offense conviction occurred more than 15 years before the passage of SORNA. Therefore, until the Attorney General issued the interim rule explaining that SORNA was retroactive, Mr. Terwilliger was not required to register under SORNA until February 28, 2007 nor had the Attorney General specified that SORNA's prohibition upon traveling in interstate commerce and failing to register applied to him. Since the indictment alleges Mr. Terwilliger traveled in interstate and failed to register or update his registration *before* February 28, 2007 - when SORNA did not apply to him - it charges him with a crime based on conduct that was not criminal when committed. Therefore, an ex post facto violation exists and the indictment must be dismissed.[1]

---

[1] It is true that the government has alleged a time period spanning both before and after February 28, 2007, and it takes the position that so long as the interstate travel occurred after the July 27, 2006 date of SORNA's enactment, the indictment does not violate the ex post facto clause. The cases cited above all rejected that position. *See, e.g., Stinson*, 507 F.Supp.2d at 566, 569; *Kapp*, 487 F.Supp.2d at 542 *Gill*, 2007 WL 3018909; *Patterson*, 2007 WL 2904099*; Cole,* 2007 WL 2714111; *Muzio*, 2007 WL 2159462 ;*Smith*, 2007 WL 1725329.

These cases have taken different approaches to the ex post facto issue. In *Stinson*, the court waited until trial and where the government's evidence failed to prove that interstate travel occurred after February 28, 2007, it acquitted the defendant. 506 F. Supp. 2d at 566, 560 n.12 (where government offered no proof of travel after February 28, 2007, court found ex post facto violation in applying SORNA to defendant and found defendant not guilty). However, another court, faced with allegations in the indictment that SORNA was violated on dates both pre and post February 28, 2007, dismissed the indictment before trial. *See Deese*, 2007 WL 2778362 at *3. A third court found that if the government's proof was of travel occurring between July 27, 2006 and February 28, 2007, the ex post facto clause would be violated but the court concluded that requiring a bill of particulars to specify the travel dates and precluding the government from presenting proof of any violations predating February 28, 2007, was an adequate remedy. *See United States v. Howell*, 2007 WL 3302547(N.D. Iowa November 7, 2007).

**B.     The Now-Outnumbered Cases Finding No Ex Post Facto Violation Under These Circumstances Are Poorly Reasoned & Are Not Persuasive.**

While there are cases which have come to the opposite conclusion, they have been distinguished quite capably by the above authorities and are not persuasive.  For example, in *United States v. Templeton*, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007), a case decided before the Attorney General promulgated its interim rule, the court found that SORNA applied to a defendant whose underlying sex offense occurred before the passage of SORNA.  In rejecting the argument that 42 U.S.C. § 16913(d) delegated to the Attorney General the responsibility to determine the retroactivity of SORNA to all previously convicted sex offenders, the *Templeton* court explained

> The *title* of the subsection of SORNA which authorizes the Attorney General to specify the applicability of the requirements of SORNA to sex offenders convicted before July 27, 2006 and to prescribe rules for the registration of any such sex offenders is "Initial registration of sex offenders unable to comply with subsection (b) of this section." The Court finds that this *title* clearly indicates that this subsection only applies to individuals who were unable to initially register as a sex offender.

2007 WL 445481 at *4 (emphasis added). On the basis of the title to 42 U.S.C. § 16913(d), the *Templeton* court found that SORNA applied retroactively to someone able to register initially in their state under their state registration law as they were not "unable to comply" with 42 U.S.C. § 16913(b).  *Id.* The other courts reaching this same conclusion have relied on *Templeton* to support their holding without engaging in any independent legal analysis or reasoning of their own. *See, e.g., United States v. Hinen*, 487 F.Supp.2d 747, 750 (W.D.Va. 2007) (citing to *Templeton*); *United States v. Marcantonio*, 2007 WL 2230773 (W.D. Ark. July 31, 2007) (following *Hinen*); *see also United States v. Roberts,* 2007 WL 2155750 at *2 (W.D.Va. July 27, 2007) ("Subsection (d), as its title reveals, is very narrow in scope:  only those currently registered offenders literally *unable* to comply with (b) because of the age of their convictions are within the grey area which the Attorney General is authorized to illuminate by rule.") (emphasis in original).

These cases are wrong. A plain reading of the text of § 16913(d) clearly shows that Congress intended to delegate to the Attorney General the duty of determining the applicability of SORNA to all previously convicted sex offenders.  The fact that Congress split the statute into two separate clauses separated with an "and" demonstrates Congress' belief that there were two separate classes of people covered by the statute: previously convicted sex offenders *and* those "unable to comply" with the initial registration requirements

1  under 42 U.S.C. § 16913(b).  While *Templeton* and the other cases following it reasoned that the title of 42
2  U.S.C. § 16913(d) controlled, as the Supreme Court has explained, repeatedly that "the title of a statute and
3  the heading of a section cannot limit the plain meaning of the text."  *Pennsylvania Dept. of Corrections v.*
4  *Yeskey*, 534 U.S. 206, 212 (1998); *Brotherhood of Railroad Trainmen v. Baltimore & Ohio R.R.*, 331 U.S.
5  519, 528-529 (1947) (same); *see also Castillo v. United States*, 530 U.S. 120 (2000) (finding that § 924(c)
6  created some new offenses even though its title stated: "penalties").  As such, numerous district courts have
7  rejected the *Templeton* line of cases and their reasoning as incorrect. *See, e.g., Deese,* 2007 WL WL 2778362
8  at *2; *Muzio*, 2007 WL 2159462 at *4-5; Because the plain text of the statute shows that Congress delegated
9  to the Attorney General the duty to determine the applicability of SORNA to all previously convicted sex
10 offenders, it was not retroactive until February 28, 2007.  Since the indictment alleges Mr. Terwilliger
11 violated the statute before February 28, 2007, SORNA did not apply to him and the indictment must be
12 dismissed on Ex Post Facto grounds.

                                                            Respectfully submitted,

Dated:  November 13, 2007                                   /s/ Shereen J. Charlick
                                                            SHEREEN J. CHARLICK
                                                            Federal Defenders of San Diego, Inc.
                                                            Attorneys for Mr. Glen Terwilliger

## CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing document is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

**Alessandra P. Serano, Assistant U.S. Attorney -**
Alessandra.P.Serano@usdoj.gov; Efile.dkt.gc2@usdoj.gov

Dated:  November 13, 2007           /s/  *Shereen J. Charlick*
                                    SHEREEN J. CHARLICK
                                    Federal Defenders
                                    225 Broadway, Suite 900
                                    San Diego, CA 92101-5030
                                    (619) 234-8467  (tel)
                                    (619) 687-2666  (fax)
                                    e-mail: Shereen_Charlick@fd.org