# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>　　vs.<br>GLEN W. TERWILLIGER,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 07CR1254 BTM<br><br>ORDER RE: MOTION TO DISMISS INDICTMENT |

In August 1991, Defendant was convicted of unlawful sexual contact among other crimes in the state of Colorado. Defendant was released from custody on October 7, 2001. Defendant initially registered as a sex offender in Denver, Colorado but failed to keep his registration current. An arrest warrant was issued in Colorado for Defendant on or around May 30, 2003.

Defendant apparently moved to Nevada sometime after his release from prison and initial registration in Colorado. On August 16, 2006, Defendant was convicted of failing to register as a sex offender in Clark County, Nevada and sentenced to probation. He was ordered to update his Nevada registration with any changes of address and resolve his Colorado arrest warrant. Defendant failed to do comply with either order. On November 3, 2006, a Nevada arrest warrant was issued for Defendant for violation of probation.

Defendant arrived in San Diego, California in January 2007. On May 11, 2007, Defendant was arrested by the U.S. Marshall's Service at his residence. As of the date of

his arrest, Defendant had not updated his Colorado or Nevada registration and had not registered as a sex offender in California.[1]

The government's indictment charges Defendant with having traveled in interstate commerce and knowingly failed to register and update his registration between August 20, 2006 and May 11, 2007. Defendant has moved to dismiss this indictment on several grounds including that SORNA, as applied to the facts of his case, violates the ex post facto clause of the Constitution.

## DISCUSSION

The Adam Walsh Child Protection and Safety Act of 2006, which was signed into law on July 27, 2006, requires a person convicted of a sex offense to register, and keep the registration current, in each jurisdiction where the offender resides, works, or is a student. 42 U.S.C. § 16913(a). Section 141 of the Adam Walsh Act contains the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250, provides criminal penalties of up to ten years imprisonment for anyone who

> (1) is required to register under the Sex Offender Registration and Notification Act; (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act.

SORNA further provides that the "Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply" with the initial registration requirements set forth. 42 U.S.C. § 16913(d).

On February 28, 2007, the Attorney General issued an interim rule effective February 28, 2007 announcing that "[t]he requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which

---

[1] These facts are taken from Government's Opposition to Defendant's Motions to Dismiss Indictment.

1 registration is required prior to enactment of that Act." 28 C.F.R. § 72.3

2     Prior to SORNA's passage, the Jacob Wetterling Act, 42 U.S.C. § 14071, et seq., also
3 provided criminal penalties for sex offenders who failed to register as a sex offender in any
4 state they resided, worked, or was a student.  Under the Jacob Wetterling Act, however, the
5 criminal penalty mandated is less than that specified under SORNA – i.e. up to one year for
6 a first offense and up to ten years for subsequent offenses. 42 U.S.C. § 14072(I).

7     Here, the government alleges that Defendant arrived in San Diego, California in
8 January of 2007. It is unclear whether Defendant's indictment is based on additional or
9 alternate instances of interstate travel because the indictment charges interstate travel and
10 failure to register between the dates of August 20, 2006 and May 11, 2007.  For the reasons
11 set forth below, the Court finds that the application of SORNA to Defendant would violate the
12 ex post facto clause of the Constitution to the extent that Defendant's indictment rests <u>on
13 interstate travel before February 28, 2007</u>.

14     Article I, Section 9, subsection (3) of the United States Constitution states, "No Bill of
15 Attainder or ex post facto law shall be passed."  In <u>Weaver v. Graham</u>, the Supreme Court
16 explained that:

> [t]he ex post facto prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.... The ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation.
> In accord with these purposes, our decisions prescribe that two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. . . .
> Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense. 450 U.S. 24, 28-31 (1981).

26     Here, Defendant was convicted of his original sex offense <u>prior</u> to the passage of
27 SORNA in July 2006. Any interstate travel undertaken by Defendant between August 20,
28 2006 and February 27, 2007, therefore, falls in what has been referred to as the "gap period"

by other courts – i.e., the time period between the passage of SORNA and the subsequent issuance of the Attorney General's interim rule making SORNA applicable to persons convicted before the passage of SORNA. The Court is persuaded by and adopts the reasoning of the court in United States v. Muzio, 2007 WL 2159462 at *3 (E.D. Mo., July 26, 2007), among others, in finding that SORNA did not apply to Defendant prior to the Attorney General's February 28, 2007 interim rule.  See United States v. Howell, 2007 WL 3302547 at *20 (N.D. Iowa 2007) for a more thorough discussion of the district court cases discussing the issue.

The Court not only approves of the statutory analysis contained in Muzio but also finds that this reasoning is further supported by the commentary accompanying the Attorney General's interim rule which states that this rule making is "of fundamental importance to the initial operation of SORNA, and to its practical scope for many years, since it determines the applicability of SORNA's requirements to virtually the entire existing sex offender population." See Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894 (Feb. 28, 2007). In these comments, the Attorney General clearly espouses the interpretation that it is the interim rule, rather than the original legislation, which determines the practical impact of SORNA by making it applicable to those sex offenders convicted prior to July 2006. This agency interpretation is entitled to deference.  See Chevron v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-843 (1984).  The Court therefore concludes that SORNA therefore did not apply to Defendant until the Attorney General's interim rule effective February 28, 2007.

The Court also agrees with the reasoning set forth in Muzio, 2007 WL 2159462 and United States v. Stinson, 507 F. Supp. 2d 560, 569-70 (S.D. Va. 2007) that the retroactive application of SORNA to Defendant based on interstate travel prior to February 28, 2007 violates the ex post facto clause of the Constitution.  SORNA imposes an enhanced penalty that did not exist under the prior Jacob Wetterling Act and did not apply to Defendant until the Attorney General's interim rule in February 2007. Applying SORNA retroactively to an integral element of Defendant's offense -- i.e. interstate travel – that occurred before February 28,

2007 is therefore prohibited by the ex post facto clause.

Contrary to the government's position, the Court agrees with the Court in <u>Stinson,</u> among others, that "a violation of § 2250 is not a continuing offense but, rather, is complete when the defendant travels in interstate commerce and then fails to register within the prescribed time period." 507 F. Supp. 2d at 569-70; <u>see</u>, <u>e.g.</u>, <u>United States v. Smith</u>, 481 F. Supp. 2d 846 (E.D. Mich. 2007); <u>Howell</u>, 2007 WL 3302547 at *20. Moreover, SORNA specifies that it applies to any sex offender who "travels in interstate or foreign commerce." By using the present tense *travels* as opposed to the past tense *traveled,* the plain language of SORNA makes clear that it only applies to travel after the effective application of the Act to a sex offender, rather than past travel. Defendant's commission of an element of the proscribed conduct such as interstate travel before SORNA became applicable to him therefore cannot be the basis of an indictment against him. <u>See</u> <u>United States v. Jackson</u>, 480 F.3d 1014, 1018-1019 (9th Cir. 2007) ("The use of the present tense suggests that statutory element does not apply to travel that occurred before the statute's enactment.")

Although Defendant may be prosecuted under Colorado, Nevada or California law or under federal law pursuant to the Jacob Wetterling Act, the Defendant cannot be prosecuted under SORNA unless he traveled in interstate commerce after February 28, 2007. The Court holds that the indictment against Defendant should be dismissed if it was based on any evidence of interstate travel before February 28, 2007, even if that evidence was presented in conjunction with evidence of travel after February 28, 2007. Defendant is entitled to a finding of probable cause on the elements of the offense which occurred after the statute became applicable to him. <u>United States v. Al Mudarris</u>, 695 F.2d 1182, 1184 (9th Cir. 1983)(noting the constitutional right to a finding of probable cause by the grand jury for grave criminal charges.) In order for the Court to determine whether the indictment should stand, the government is ordered to provide a copy of the grand jury testimony concerning the date(s) of travel to the Court under seal by January 8, 2008. The parties are further ordered to appear before the Court on January 11, 2008 at 11:00 a.m.

Because the Court finds that the current indictment may violate the ex post facto

clause, it declines to reach the other constitutional challenges to SORNA brought by Defendant.  See Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.") If current indictment is not dismissed or superseded, the Court will, at that point, entertain further challenges to the indictment.

**IT IS SO ORDERED.**

DATED:  January 2, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge